FILED by VK D.C.
ELECTRONIC
April 25, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60606-CIV-MARRA/JOHNSON

HARVEY GOODMAN,

Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC., a Florida corporation, d/b/a PUBLIX, and PALM AIRE ENTERPRISES, LLC, a foreign limited liability company,

Defendants.
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HARVEY GOODMAN, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues PUBLIX SUPER MARKETS, INC., a Florida corporation, d/b/a PUBLIX, and PALM AIRE ENTERPRISES, LLC, a foreign limited liability company, (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICAN WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the American With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that all events giving rise to this lawsuit occurred in Broward County, Florida.

3. At the time of the Plaintiff's visit to PUBLIX prior to instituting the instant action, HARVEY GOODMAN (hereinafter referred to as "GOODMAN") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans with Disability Act of 1990, is a paraplegic and used a wheelchair for mobility, the Plaintiff personally visited the PUBLIX but was denied full and equal access to, and full and equal enjoyment of, the services and facilities within PUBLIX which is the subject of this lawsuit.

4. The defendants, PUBLIX SUPER MARKETS, INC., a Florida corporation, and PALM AIRE ENTERPRISES, LLC, are authorized to conduct, and are conducting business within the State of Florida. Upon information and belief, PUBLIX SUPER MARKETS, INC., is the lessee and/or operator of the real property, Subject Facility, and owner of the improvements where the Subject Facility is located which are the subjects of this action, the grocery store commonly referred to as PUBLIX located at 1140 SW 36th Avenue, Pompano Beach, Florida (hereinafter and heretofore referred to as "PUBLIX") which also maintains and controls the Subject Facility. Upon information and belief, PALM AIRE ENTERPRISES, LLC is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the grocery store commonly referred to as PUBLIX located at 1140 SW 36th Avenue, Pompano Beach, Florida (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Broward County in the Southern District.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, PUBLIX is a place of public accommodation in that it is a grocery store which provides goods and services to the public.

10. Pursuant to 42 U.S.C. §12181(7); 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be incompliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at PUBLIX in derogation of 42 U.S.C. §12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily accessible.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at PUBLIX. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant's, PUBLIX SUPER MARKETS, INC.'s grocery store. Prior to the filing of this lawsuit, GOODMAN personally visited PUBLIX grocery store with the intention of using PUBLIX's facilities, and services, but was denied full and safe access to the services, benefits, and facilities within PUBLIX and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit PUBLIX in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at PUBLIX in violation of the ADA.

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an accessible "check-out" aisle, due, in part, to the lowered counter being fully obstructed by a stored plastic bag dispenser, and without ADA compliant signage at said "check out", in violation of 28 C.F.R. Part 36, Section 7.3 and Section 7.2.

(ii) The "Deli" serving counter located in Subject Facility is higher than 36 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 7.2.

(iii) The scale located on the Deli counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 4.

(iv) The "Bakery" serving counter located in Subject Facility is higher than 36 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 7.2.

(v) The "Seafood" serving counter located in Subject Facility is higher than 36 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 7.2.

(vi) The scale located on the Seafood counter is inaccessible, in violation of 28 C.F.R. Part 36, Section 4.

(vii) The "To-Go" hot food counter located in Subject Facility is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(viii) The "To-Go" sub station counter located in Subject Facility is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(ix) The self-service Coke beverage fountain machine is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(x) The self-service beverage vending machine, located in the deli area, is at

an inaccessible height, in violation of 28 C.F.R. Part 36.

(xi) The fresh produce section contains various inaccessible produce, in violation of 28 C.F.R. Part 36.

(xii) The "Fine Wines" section contains various inaccessible wine bottles on high shelves, in violation of 28 C.F.R. Part 36.

(xiii) The fresh fruit shelving is inaccessible, in violation of 28 C.F.R. Part 36.

(xiv) The fresh flowers section contains various inaccessible pre-packaged flowers, in violation of 28 C.F.R. Part 36.

(xv) The long frozen "chicken" container, located near the seafood section, is inaccessible, in violation of 28 C.F.R. Part 36.

(xvi) The food shelving throughout the Subject Facility contains various inaccessible items for sale, in violation of 28 C.F.R. Part 36.

(xvii) Failure to ensure that all required self-service shelving, and items for sale, are at accessible heights, in violation of 28 C.F.R. Part 36.

(xviii) The large person scale, located at the front entrance of Subject Facility, is inaccessible.

(xix) Failure to provide a safe, accessible pathway to restrooms, due to numerous stored, large, water containers obstructing said pathway, in violation of 28 C.F.R. Part 36, Section 4.3.

(xx) In the restroom, failure to provide adequate accessibility signage for the designated restroom handicap stall door, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(d).

(xxi) In the restroom, failure to provide a toilet seat dispenser at an accessible height, in violation of 28 C.F.R. Part 36.

(xxii) In the restroom, failure to provide an accessible toilet paper dispenser at an accessible height, in violation of 28 C.F.R. Part 36, Section 4.16.6.

(xxiii) Inadequate clearance/maneuverability room in front of toilet, due to stored trash receptacle obstructing said area, in violation of 28 C.F.R. Part 36, Section 4.17.

(xxiv) Blackstone Pre-Paid Calling Card vending machine is at an inaccessible height.

(xxv) ATM machine, located in front of Subject Facility, is inaccessible, in violation of 28 C.F.R. Part 36.

(xxvi) Failure to provide signage addressing people with disabilities telling them that accessible services are provided, in violation of 28 C.F.R. Part 36, Section 4.30.4.

(xxvii) Failure to provide adequate directional and accurate informational signage, in violation of 28 C.F.R. Part 36, Section 4.1.3(16).

(xxviii) Emergency exit, located near restrooms, is inaccessible, due to numerous stored large water containers obstructing said pathway, in violation of 28 C.F.R. Part 36.

(xxix) Failure to provide the required ADA compliant informational signage at the emergency exit located in the Subject Facility, in violation of 28 C.F.R. Part 36.

(xxx) Failure to provide the required ADA compliant informational signage at the emergency exit located in the Subject Facility, in violation of 28 C.F.R. Part 36.

(xxxi) Failure to provide an adequate number of accessible handicap spaces at

the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3 and are located on the shortest route of travel from adjacent parking to the Subject Facility as required by 28 C.F.R. Part 36, Section 4.6.2.

(xxxii) Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible", as required by 28 CFR Part 36, Section 4.6.4 and Section 4.1.2 (5)(b).

(xxxiii)Failure to provide an accessible pathway to nearest public bus stop, in violation of 28 C.F.R. Part 36, Section 4.3.2(1).

16. Upon information and belief, there are other current violations of the ADA at PUBLIX and only once a full inspection is done can all said violations be identified.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to

make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA;

B. The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. The Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but limited to, court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right. Dated this 25th day of April, 2008.

Respectfully submitted,

By: ______________________

B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Harvey Goodman

(b) County of Residence of First Listed Plaintiff Broward County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

B. Bradley Weitz, Esq., The Weitz Law Firm, P.A.
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160, 305-949-7777

## DEFENDANTS

Publix Super Markets, Inc., d/b/a Publix, and Palm Aire Enterprises, LLC

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**08-60606-CIV-MARRA/JOHNSON**

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL- 08CV60606 Marra/Johnson

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☒ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

FILED by [signature] D.C.
INTAKE
APR 28 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☐ NO
JUDGE DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

The Defendants own, operate, and/or is the lessor and/or lessee of a facility and/or property in Broward County which contains architectural barriers to access by persons with disabilities in violation of Title III of the ADA.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD [signature] DATE 4/25/08

**FOR OFFICE USE ONLY**

AMOUNT $350.00 RECEIPT # 979192 IFP

04/28/08